IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS GONZAGA OVALLES SANTANA, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>JOHN E. CANTU, et al., §<br>Respondents. § | <br><br><br><br>No. 3:24-CV-2114-K-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner's Motion for Immediate Stay of Deportation, received on September 11, 2024. (Dkt. No. 5.) Based on the relevant filings and applicable law, the Court should **DENY** the motion.

## I. BACKGROUND

Luis Gonzaga Ovalles Santana, a national of the Dominican Republic detained by United States Immigration and Customs Enforcement at Prairieland Detention Center in Alvarado, Texas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the duration of his post-final-order-of-removal detention. (*See* Dkt. No. 2.) He now moves for an immediate stay of his deportation. (*See* Dkt. No. 5.) Aside from its title indicating the relief sought, the

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management. By Special Order No. 3-354, it has been reassigned and transferred to the undersigned on August 23, 2024. (*See* Dkt. No. 4.)

motion contains no substantive content, arguments, or legal grounds for the requested relief. (*See id.*)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts "have a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

In 2005, Congress enacted the REAL ID Act of 2005, which altered the way in which noncitizens can seek judicial review of administrative review of removal orders. *See* Pub. L. No. 109-13, 119 Stat. 231 (2005). Under the REAL ID Act, the exclusive means for judicial review of a removal order is a petition for review filed in the appropriate federal appellate court. *See Nasrallah v. Barr*, 590 U.S. 573, 579-80 (2020); 8 U.S.C. § 1252(a)(5). Because a stay of removal order "is connected 'directly and immediately' with the Attorney General's decision to commence removal proceedings against" a petitioner, a district court lacks jurisdiction to grant such relief. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003); *see also* 8 U.S.C. § 1252(g).

Here, even if the motion were not devoid of any substantive content, arguments, or legal grounds to support the relief requested, the Court lacks jurisdiction to stay Santana's deportation pursuant to his order of removal. Accordingly, the Court should deny Santana's motion to stay his deportation.

### III.  RECOMMENDATION

The Court should **DENY** Petitioner's Motion for Immediate Stay of Deportation, received on September 11, 2024.  (Dkt. No. 5.)

**SO RECOMMENDED** on September 26, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).