IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS GONZAGA OVALLES SANTANA,  §<br>§<br>Petitioner,  §<br>§<br>v.  §<br>§<br>JOHN E. CANTU, et al.,  §<br>Respondents.  § | No. 3:24-CV-2114-K-BW<br><br>Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

## I. BACKGROUND

On August 15, 2024, Luis Gonzaga Ovalles Santana, an immigration detainee, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 through counsel of record, Andres M. Aranda. (*See* Dkt. No. 2.) On September 11, 2024, Aranda moved for an immediate stay of Santana's deportation. (*See* Dkt. No. 5.) Because Aranda was not admitted to practice in this District, the Court issued a Notice of Deficiency and Order on September 26, 2024, requiring Aranda to either become admitted to practice in this District or to apply for admission *pro hac vice* under the applicable local rules, and to comply with the Court's local rule regarding

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management. By Special Order No. 3-354, it was reassigned and transferred to the undersigned on August 23, 2024. (*See* Dkt. No. 4.)

local counsel.  (*See* Dkt. No. 6.)  The deadline to comply with the Order was 14 days from its entry.  (*Id.*)  The same day, the Court recommended that the motion to stay Santana's deportation be denied.  (*See* Dkt. No. 7.)  On October 22, 2024, the recommendation was accepted without objection and the motion to stay was denied.  (*See* Dkt. No. 8.)

It is now over two weeks past the deadline for Aranda to comply with the local rules for proceeding before and practicing in this District, and Aranda still has not become admitted to practice, applied for admission *pro hac vice*, obtained local counsel, or obtained leave to proceed without local counsel.  Nor has he filed anything else in this case since entry of the Order.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Aranda has failed to comply with the Court's Order regarding proceeding before and practicing in this District. Nor has he filed anything else in this case. By not complying with the Court's Order or otherwise showing that he intends to proceed with this case on behalf of his client, Aranda prevents this action from proceeding and has failed to prosecute the lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute and obey court orders.

### III. RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court, unless Aranda complies with the Court's Order regarding proceeding before and practicing in this District within the time for objecting to this recommendation or by some other deadline set by the Court.

**SO RECOMMENDED** on October 28, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).